# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DAVID LEVI FINNEY,           )
                             )
      Plaintiff,           )
                             )
v.                           )      Case No. CIV-14-18-SPS
                             )
CAROLYN W. COLVIN,           )
Acting Commissioner of the Social )
Security Administration,     )
                             )
      Defendant.           )

## OPINION AND ORDER

The claimant David Levi Finney requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born April 13, 1977, and was thirty-five years old at the time of the most recent administrative hearing (Tr. 30, 57). He completed the ninth grade, and worked as a tow truck driver, auto detailer, and plastics maker (Tr. 19, 179). The claimant alleges he has been unable to work since November 15, 2008, due to an on-the-job injury to his back, neck, and shoulders, as well as a learning disability, arthritis, migraines, frequent swollen throat, low blood sugar, epilepsy, chronic bronchitis and allergies, high blood pressure/high cholesterol, an ulcer, and depression (Tr. 178).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on February 12, 2009. His applications were denied. ALJ John W. Belcher held an administrative hearing and found that the claimant was not disabled in a written opinion dated October 25, 2012 (Tr. 13-21). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/

carry twenty pounds occasionally and ten pounds frequently, and sit/stand for a total of one hour and no more than ten to thirty minutes at a time, and that he could only occasionally climb stairs, ladders, ropes, and scaffolding, balance, bend/stoop, kneel, crouch, and crawl (Tr. 17). Additionally, he found that the claimant could occasionally reach overhead and in other directions with either upper extremity, and only occasionally be exposed to temperature extremes (Tr. 17). He limited the claimant to simple tasks that must be done in a habituated work setting and be object oriented, and found the claimant's contact with the public, coworkers, and supervisors must be no more than superficial (Tr. 17). ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, addresser, sorter, and telephone quotation clerk (Tr. 20).

### Review

The claimant argues on appeal that the ALJ erred by: (i) failing to elicit testimony regarding a conflict between the vocational expert (VE) and the Dictionary of Occupational Titles (DOT), (ii) failed to include all the claimant's mental limitations when assessing the his RFC, and (iii) failing to properly evaluate his credibility. The Court agrees with the claimant's first contention, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

At the administrative hearing, the ALJ determined that he was going to send the claimant out for further testing, and postponed the rest of the hearing, including testimony from the VE. At the second hearing, the claimant did not testify, but the ALJ elicited testimony from a VE to determine if there were jobs the claimant could perform

4

with his limitations. He posed a number of hypothetical questions requiring the VE to assume various limitations and identify the work someone with such limitations could perform. First, the ALJ posited an individual with the age, education and work history of the claimant, and who could lift/carry twenty pounds occasionally and ten pounds frequently along with pushing and pulling consistent with these lifting limitations; stand for one hour and walk for no more than one hour in an eight-hour workday no more than ten to thirty minutes at a time; sit for six hours in an eight-hour workday; occasionally climb, balance, bend or stoop, kneel, crouch, or crawl; occasionally reach above the head and in other directions bilaterally, and by reaching, meaning full extension of the arm; frequently finger, handle, feel, and use foot controls bilaterally; avoid concentrated exposure to wetness, humidity, noise, vibration, fumes, odors, dust, toxins, gasses, and poor ventilation, as well as hazards or fast-paced machinery, unprotected heights, or driving; perform simple and some moderately complex tasks up to four to six steps, provided it was in a habituated work setting, meaning he would be doing the same things throughout the day, and object oriented, meaning he should be working with things rather than people although he could have superficial contact with co-workers, supervisors, and the public (Tr. 62-63). The VE testified that such an individual would not be able to perform his past relevant work, but identified three sedentary, unskilled jobs such a person could perform: (i) addresser, DICOT § 209.587-010; (ii) sorter, DICOT § 209.687-022; and (iii) telephone quotation clerk, DICOT § 237.367-046. The ALJ later posited a person limited to simple, repetitive tasks object oriented, to which the VE responded that those same three jobs would still apply because they were all unskilled

5

jobs (Tr. 67). Before eliciting testimony from the VE regarding the jobs, the ALJ asked the VE to notify him if any of the information provided differed from the Dictionary of Occupational Titles (DOT) or the Selected Characteristics of Occupations (Tr. 61).

In his written decision, the ALJ determined that the claimant's RFC included the limitations from the first hypothetical posed to the VE, except that he was limited to only simple tasks (Tr. 17). He then adopted the VE's testimony that the claimant could perform the sedentary jobs of addresser, sorter, and telephone quotation clerk (Tr. 20). Furthermore, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 20).

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

In this case, a conflict exists because the three jobs the VE identified *each* require frequent reaching. DICOT §§ 209.587-010, 209.687-022, 237.367-046. *See Herbert v. Barnhart*, 2002 WL 31180762 at *8-9 (D. Kan. Sept. 19, 2002) (reversing and remanding to ALJ, partially because the identified jobs of cashier and ticket seller required frequent reaching, handling, and fingering which appeared to be in conflict with the claimant's RFC restrictions from rapid, repetitive use of hand controls) [unpublished opinion]. The ALJ failed to ask the VE to reconcile this conflict or clarify how the DOT could be applied to the limitation on hand controls, and the ALJ therefore committed reversible error in violation of this circuit's holding in *Haddock*. *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]").

The Commissioner argues that the ALJ is only required to ask the VE to identify any conflicts and that there is no authority requiring the ALJ to identify conflicts not noted by the VE, *see Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) ("We have held that where the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis."), but this is error. Unlike the practice in the Fifth Circuit, in *this circuit* the ALJ must resolve any apparent conflict between the VE's testimony and the DOT. *See Burns v.*

7

*Barnhart*, 312 F.3d 113, 126 n.8 (3rd Cir. 2002) (discussing Circuit split); *compare Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the [VE's] testimony and the DOT in this case . . . the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so.") *and Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."), *with Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls.") *and Haddock*, 196 F.3d at 1091 ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). This is in keeping with the rule that the "adjudicator must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704 at *4 [emphasis added].

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 26th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**